IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BOBBY L. ENGLAND                                                                                    PLAINTIFF

vs.                                    Civil No. 2:12-cv-02182

CAROLYN W. COLVIN                                                                               DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Bobby L. England ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.      Background:**

Plaintiff protectively filed his disability application on December 18, 2009. (Tr. 12, 125-126). Plaintiff alleges being disabled due to deteriorating discs in his back, a mental impairment ("barely can read write"), "bones rubbing on spine," chronic arthritis, borderline diabetes, obesity, and acid reflux. (Tr. 151). Plaintiff alleges an onset date of January 1, 2007. (Tr. 12). This application was denied initially and again upon reconsideration. (Tr. 75-76).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing

request was granted. (Tr. 87-123). Plaintiff's administrative hearing was held on October 19, 2010 in Fort Smith, Arkansas. (Tr. 26-74). Plaintiff was present and was represented by Davis Duty at this hearing. *Id.* Plaintiff, Plaintiff's wife, and Vocational Expert ("VE") Charles Dwight Turner testified at the hearing in this matter. *Id.* At the hearing, Plaintiff testified he was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 33-34). Plaintiff also testified he had completed high school by taking special education classes throughout. (Tr. 36).

On March 14, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 12-21). In this decision, the ALJ determined Plaintiff last met the insured status requirements of the Act on June 30, 2008. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from his alleged onset date through the date his insured status expired. (Tr. 14, Finding 2). The ALJ determined that through his date last insured, Plaintiff had the following severe impairments: back disorder, personality disorder, obesity, and borderline intellectual functioning. (Tr. 14, Finding 3). The ALJ also determined that through his date last insured, Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-20, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

After careful consideration of the entire record, the undersigned finds that, through

2

>the date last insured, the claimant had the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant can occasionally climb ramp/stairs, balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders, ropers [ropes], or scaffolds. The claimant can occasionally reach overhead. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can respond appropriately to supervisors, co-workers, and usual work situations, but [can only] have occasional contact with the general public.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 6). The VE testified at the administrative hearing regarding Plaintiff's PRW. (Tr. 21). Specifically, the VE characterized Plaintiff's PRW as a poultry deboner, which is light, unskilled work. (Tr. 21, 62-63). Based upon this testimony and after comparing Plaintiff's RFC with the physical and mental demands of his PRW, the ALJ determined Plaintiff could perform his PRW as a poultry deboner. (Tr. 21, Finding 6). Because Plaintiff retained the capacity to perform his PRW, the ALJ determined he had not been under a disability as defined in the Act at any time from January 1, 2007 (alleged onset date) through June 30, 2008 (date last insured). (Tr. 21, Finding 7).

On May 18, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7-8). On June 11, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-3). On August 14, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises three arguments for reversal: (A) the ALJ erred in finding his impairments did not meet or equal the requirements of Listing 12.05(B) or Listing 12.05(C); (B) the ALJ erred in assessing his RFC; and (C) the ALJ erred in determining he could return to his PRW. ECF No. 9 at 1-15. In response, Defendant argues the ALJ properly found Plaintiff's impairments did not meet or equal the requirements of any of the Listings, and substantial evidence supports the ALJ's RFC and Step Four determinations. ECF No. 10 at 1-10. The Court will address each of the three arguments Plaintiff has raised.

**A.     Listings 12.05(B) and 12.05(C)**

Plaintiff claims his mental impairment meets or equals the requirements of Listing 12.05(B) and Listing 12.05(C) for mental retardation. ECF No. 9 at 9-11. Notably, Listing 12.05(B) requires a "valid verbal, performance, or full scale IQ of 59 or less," and Listing 12.05(C) requires a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Additionally, Listing

12.05 requires a showing of "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22."

In support of his argument that his impairment meets or equals the requirements of these Listings, Plaintiff references three IQ scores that were below 60. ECF No. 9 at 9-11. These three scores were reported by Dr. Robert Spray, Jr., Ph.D. on August 17, 2006 (Tr. 230-236) and Dr. Patricia Walz, Ph.D. on December 7, 2010 and on June 8, 2011 (Tr. 318-324, 326-335). Dr. Spray reported Plaintiff attained a verbal IQ of 56, a performance IQ of 67, and a full scale IQ of 57. (Tr. 235). Dr. Spray also found, however, that it was "unclear whether the claimant was open and honest during the exam," and Plaintiff "responded 'don't know' frequently and often did not give much effort at trying to remember." *Id.* During her examination on December 7, 2010, Dr. Walz determined Plaintiff attained a full scale IQ of 53 but also found Plaintiff "gave very poor effort on the test." (Tr. 321). On June 8, 2011, Dr. Walz reported Plaintiff attained a full scale IQ of 57, and there is no indication Plaintiff gave a poor effort during this examination. (Tr. 329).

Despite these low scores, the Court finds Plaintiff still has not met his burden of establishing his mental impairment meets or equals the requirements of either Listing 12.05(B) or Listing 12.05(C). *See Carlson v. Astrue,* 604 F.3d 589, 593 (8th Cir. 2010) (holding that the burden is on the claimant to establish that his or her impairments meet or equal all the requirements of a listed impairment). There are two reasons for this determination. First, and most importantly, Plaintiff has not provided evidence or argument demonstrating the "deficits in adaptive functioning initially manifested during the developmental period" or "before age 22." Such a showing is required under Listing 12.05.

Second, Plaintiff has not demonstrated his mental impairment met or equaled the requirements of Listing 12.05(B) or Listing 12.05(C) prior to the expiration of his insured status. As Defendant correctly argues, to be entitled to benefits under DIB, Plaintiff must establish his disability prior to the expiration of his insured status. *See Pyland v. Apfel,* 149 F.3d 873, 876 (8th Cir. 1998). In the present action, Plaintiff's insured status expired on June 30, 2008. (Tr. 14, Finding 1). Thus, Plaintiff must establish his impairments met or equaled the requirements of Listing 12.05(B) or Listing 12.05(C) prior to this date. In the present action, the only IQ testing performed prior to this date was performed by Dr. Spray. (Tr. 230-236). Dr. Spray, however, indicated his results were invalid because Plaintiff did not give his full attention and effort during this testing. *Id.* Accordingly, there is no record prior to his insured status expiring that demonstrates he attained a valid IQ score within the range required by Listing 12.05(B) or Listing 12.05(C). According, the Court finds Plaintiff has not met his burden of establishing his mental impairment meets or equals the requirements of Listing 12.05(B) or Listing 12.05(C).

B.  **RFC Determination**

Plaintiff claims the ALJ erred in assessing his RFC. ECF No. 9 at 11-15. Plaintiff raises two arguments on this issue. First, Plaintiff claims the ALJ's assessment of his mental impairments is "woefully inadequate" because the ALJ failed to consider the fact that "[e]ach examining doctor indicated. . . . [he] . . . lack[s] . . . attention, concentration, persistence, and pace" *Id.*

In his RFC determination, however, the ALJ did consider Plaintiff's mental impairment and found Plaintiff could only "understand, remember, and carry out simple, routine, and repetitive tasks." (Tr. 16-17, Finding 5). Plaintiff has not demonstrated that, prior to his insured status expiring, he had any mental limitations greater than those found by the ALJ. *See Perks v. Astrue,*

687 F.3d 1086, 1092 (8th Cir. 2012) (holding that while an RFC determination must be supported by some medical evidence, the burden of persuasion to prove disability and show RFC remains on the claimant). Accordingly, the Court finds no basis for reversal on this issue.

Second, Plaintiff claims the ALJ did not comply with *Polaski* when evaluating his credibility.[1] ECF No. 9 at 13. As for Plaintiff's credibility, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).

As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility

---

[1] Plaintiff also claims the ALJ improperly evaluated the credibility of his wife. ECF No. 9 at 13. Plaintiff, however, does not elaborate on this issue or provide any briefing as to *how* the ALJ erred in evaluating his wife's credibility. *Id.* Accordingly, because Plaintiff has given the Court no guidance on this issue, the Court will not address this issue further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" appellant's conclusory assertion that the ALJ failed to consider whether he met certain listings where appellant provided no analysis of the relevant law or facts).

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*. (Tr. 16-20). Importantly, the ALJ fully evaluated Plaintiff's alleged limitations and his medical records. (Tr. 17). The ALJ also noted Plaintiff repeatedly gave "very poor effort" in his testing and repeatedly answered with "don't know." (Tr. 18). The ALJ recognized the fact that while Plaintiff claims he is illiterate, he was able to "hold down jobs in the past for significant periods of time" and "was able to graduate from high school."[3] (Tr. 20). Based upon these facts, the Court finds the ALJ provided sufficient reasons for discounting Plaintiff's subjective complaints, and his credibility determination should be affirmed. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding

---

[3] In his briefing, Plaintiff claims the ALJ improperly doubted his illiteracy and improperly ignored the results from his literacy testing. ECF No. 9 at 13. It appears Plaintiff's test results from an October 4, 2010 report demonstrate his is illiterate. (Tr. 201). However, the ALJ is in a better position to evaluate this evidence, and the Court is not required to reverse and remand this case simply because some evidence supports Plaintiff's claim that he is illiterate. *See Haley,* 258 F.3d at 747. Further, this statement of illiteracy was dated October 4, 2010, which is well after Plaintiff's insured status expired. Thus, it is not relevant to the time period at issue in this case.

"[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

      C.      **Step Four Determination**

Plaintiff claims the ALJ erred in determining he could perform his PRW. ECF No. 9 at 14. Specifically, he claims that because the ALJ "posed incomplete hypothetical questions to the VE," the ALJ's Step Four determination is not supported by substantial evidence in the record. *Id.* At the hearing in this matter, however, the ALJ posed a hypothetical to the VE that included all of the limitations he found credible. (Tr. 62-63). These limitations include those stated in the ALJ's RFC determination. *Id.* As such, the Court finds the ALJ's hypothetical was sufficient, and Plaintiff has not offered a basis for reversal on this issue. *See Haynes v. Shalala,* 26 F.3d 812, 815 (holding a "hypothetical question need only include those impairments that the ALJ accepts as true").

**4.**      <u>**Conclusion**</u>**:**

Based on the foregoing, the undersigned finds that the decision of the ALJ denying benefits to Plaintiff is supported by substantial evidence and recommends that it be **AFFIRMED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 31st day of May 2013.

                                                                /s/ Barry A. Bryant
                                                                HON. BARRY A. BRYANT
                                                                U.S. MAGISTRATE JUDGE