IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BOBBY L. ENGLAND                                                                                   PLAINTIFF

v.                                         Case No. 2:12-CV-02182

CAROLYN W. COLVIN, Commissioner of
Social Security Administration                                                                     DEFENDANT

## ORDER

The Court has received proposed findings and recommendations (Doc. 11) from United States Magistrate Judge Barry A. Bryant. Plaintiff timely filed objections to the Magistrate's report and recommendations. Defendant has not filed a response to Plaintiff's objections, and the response period has passed. After reviewing the record *de novo* as to Plaintiff's objections, the Court declines to adopt the report and recommendations and finds that the decision of the Administrative Law Judge ("ALJ") should be reversed.

In reviewing the record *de novo* as to Plaintiff's objections, the Court must determine whether the Commissioner's decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). "Substantial evidence 'is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.'" *Maresh v. Barnhart*, 438 F.3d 897, 898 (8th Cir. 2006) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). The "court will 'consider evidence that detracts from the Commissioner's decision as well as evidence that supports it.'" *Id*. (quoting *McKinney*, 228 F.3d at 863).

The ALJ must go through the following sequential analysis to determine if a claimant is disabled: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of

impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. 20 C.F.R. § 404.1520(a)-(f).

Plaintiff Bobby L. England argues that he satisfactorily showed that he met the requirements of a listed impairment, Listing 12.05(B) or 12.05(C), and should therefore have been found to be disabled at step three of the sequential analysis process. "A claimant who is found to be mentally retarded under [Listing 12.05] is presumed disabled at step three without further inquiry." *Chunn v. Barnhart*, 397 F.3d 667, 671 (8th Cir. 2005); 20 C.F.R. § 416.920(a)(4)(iii). Listing 12.05 defines "mental retardation" as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. pt. 404, subpt. P, app.1, § 12.05 ("Listing 12.05"). A claimant will be considered mentally retarded if he meets any one of four sets of requirements, including the requirements contained in subsection 12.05(B) or 12.05(C). Listing 12.05(B) requires, simply, a "valid verbal, performance, of full scale IQ of 59 or less," and Listing 12.05(C) requires a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."

While the Magistrate recognized that England had received three full scale IQ scores of below 59 (57, 53, and 57), the Magistrate found that England did not meet the requirements of Listing 12.05 because (1) England did not provide evidence demonstrating that his "deficits in adaptive functioning manifested during the developmental period," and (2) England did not establish that his impairments met or equaled the Listing requirements prior to his last-insured date. The

Court declines to adopt these findings. The Court finds that England does meet the listing requirements for 12.05(B) or, in the alternative, 12.05(C).

As recognized by both the ALJ and the Magistrate, England received not one but three remarkably consistent full scale IQ scores of 59 or less. The ALJ questioned the validity of the first two tests, as the physicians administering the tests expressed doubts as to the level of effort England was actually putting forth. However, the same doctor who administered the second test also administered the third test; England received exactly the same full scale score as he had on his first test, and the validity of the test was not questioned by the ALJ. Even considering the third test alone, it appears that England meets the specific requirements of 12.05(B).[1] Taking the tests together, and especially given their consistency, the Court cannot find that substantial evidence supports the ALJ's determination that England did not meet the requirements of 12.05(B).

Based on the substantial evidence, the ALJ should have found that England's mental retardation manifested before age 22. England presented evidence that he took special education classes throughout his school career, and his younger sister testified that she often had to help him with his schoolwork. *See Chistner v. Astrue*, 498 F.3d 790 (8th Cir. 2007) (claimant's low-grade dropout and participation in prior special education classes evidence of manifestation of mental retardation before age 22); *Maresh*, 438 F.3d at 899 (claimant's history of special education classes evidence of manifestation of mental retardation prior to age 22). The ALJ also recognized that England is functionally illiterate. (Doc. 1-1, p. 12). While England's IQ scores were recorded after

---

[1] The ALJ discussed only one of the three tests in discounting application of 12.05(B). In the second IQ test taken by England, the physician examiner questioned claimant's effort on the test and stated that "while his test results appear to be an underestimate of his true ability, his true functioning is probably in the extremely low to borderline range (65-75)." (Doc. 1-1, p. 8). The ALJ did not mention, in his step-three analyis, the other two tests taken by England, which were both consistent with his second score of below 59.

his developmental period, "'a person's IQ is presumed to remain stable over time in the absence of any evidence of a change in a claimant's intellectual functioning.'" *Maresh*, 438 F.3d at 900 (quoting *Muncy v. Apfel*, 247 F.3d 728, 734 (8th Cir. 2001)).

Alternatively, the Court finds that England also meets the requirements of Listing 12.05(C). Taking into consideration the doubts expressed by the examiners on England's first two IQ tests, substantial evidence still shows that England would have a "valid verbal, performance, or full scale IQ of 60 through 70." Listing 12.05(C). England has also shown that he has "a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id*. In order to satisfy this last criterion of 12.05(C), a claimant must show that his additional impairment has a "'more than slight or minimal' effect on the ability to perform work." *Maresh*, 438 F.3d at 900 (quoting *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000)); *see also Bailey v. Apfel*, 230 F.3d 1063, 1066 (8th Cir. 2000) (speech disorder was more than slight or minimal because speech was "noticeably in error," albeit intelligible). The ALJ found that England's back disorder, personality disorder, and obesity were severe "because they have more than a minimal impact upon the claimant's ability to engage in work-related activities," (Doc. 1-1, p. 6), a finding supported by the record.

After careful review, the Court finds that the ALJ's decision to deny benefits is not supported by substantial evidence on the record. The ALJ should have found England to be disabled at step three of the analysis, as England's impairments equal the listed impairment for mental retardation at Listing 12.05, under either subsection (B) or subsection (C).

The Court therefore declines to adopt the report and recommendations (Doc. 11) of the Magistrate.

IT IS THEREFORE ORDERED that the decision of the Administrative Law Judge is

-5-

reversed, and this case is remanded to the Commissioner with directions to award benefits.

Judgment will be entered accordingly.

**IT IS SO ORDERED** this 24th day of July, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE